UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| VS. | : | Docket No. |
| RISHI MALIK AND SAMRITI MALIK, | : | |
| | : | |
| Defendants. | | June 21, 2019 |

**COMPLAINT FOR FRAUDULENT TRANSFER**

The United States of America, by and through the United States Attorney for the District of Connecticut, complains of the Defendants, and says:

1. This is a civil action in which the United States is seeking to secure payment of restitution in the underlying criminal case styled *United States v. Rishi Malik*, Docket Number 3:18CR2-2 (JCH). The United States has information and believes that Defendant Rishi Malik fraudulently transferred certain real property to Defendant Samriti Malik.

2. This is a fraudulent transfer action pursuant to 28 U.S.C. §3301, *et seq.*

3. The Defendants Rishi Malik and Samriti Malik were married in 1996 and divorced in 2012, but have maintained a common-law spousal relationship at all relevant times, and are residents of Fairfield, Connecticut. Rishi Malik is presently incarcerated. Jurisdiction for this enforcement action remains in the District of Connecticut pursuant to 18 U.S.C. §§ 3231 and 3613(a), and 28 U.S.C. §§ 1345 and 3004(b).

NATURE OF THE ACTION

4. This is a complaint brought under 28 U.S.C. § 3301 *et seq*. to set aside a fraudulent transfer of real property engaged in by Defendants Rishi Malik and Samriti Malik. The purpose of the fraudulent transfer was to transfer property so as to hide, conceal, or shield such property from the creditors of Defendant Rishi Malik, including the Plaintiff United States of America, and to delay those creditors from collecting debts owed by him.

5. Section 3304(b)(1)(A) provides that a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether or not such debt arose before or after the transfer or obligation, if the debtor makes the transfer or obligation with actual intent to hinder, delay or defraud a creditor. 28 U.S.C. § 3304(b)(1)(A).

6. As set forth below, Defendant Rishi Malik, in concert with Defendant Samriti Malik, made the transfer described in Paragraph 14. The transfer violated Section 3304(b)(1)(A) in that Defendant Rishi Malik acting in concert with Defendant Samriti made the transfer with actual intent to hinder, delay or defraud a creditor, taking into consideration the factors enumerated in section 3304(b)(2)(A)-(K).

7. Section 3304(b)(1)(B) provides that a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether or not such debt arose before or after the transfer or obligation, if the debtor makes the transfer or obligation without receiving reasonably equivalent value in exchange for the transfer, if the debtor either (i) was engaged in or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed

or reasonably should have believed that he would incur, debts beyond his ability to repay as they came due.

8. As set forth below, Defendant Rishi Malik, in concert with Defendant Samriti Malik made the transfer described in Paragraph 14. The transfer violated Section 3304(b)(1)(B) in that Defendant Rishi Malik and Defendant Samriti Malik acting in concert with him, made the transfer without receiving reasonably equivalent value in exchange for the transfer and Defendant Rishi Malik (i) was engaged in or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to repay as they came due.

NATURE OF THE UNDERLYING DEBT TO THE UNITED STATES

9. From approximately 2014 to approximately 2017, Defendant Rishi Malik engaged in a criminal conspiracy to commit wire fraud and to violate the Contrabrand Cigarette Trafficking Act through a tobacco wholesale business using the name KDV Discounts, LLC ("KDV"). *See United States v. Rishi Malik,* Docket No. 3:18CR2-2 (JCH), ECF No. 76 (Plea Agreement).

10. Defendant Rishi Malik entered a guilty plea on October 30, 2018, and sentence was imposed on February 13, 2019. The judgment entered against Rishi Malik included the imposition of restitution in the amount of $5,821,057.00, which was due immediately. *See United States v. Rishi Malik,* Docket No. 3:18CR2-2 (JCH), ECF Nos. 76, 108, 109.

FRAUDULENT TRANSFER MADE BY DEFENDANTS

11. On or about February 19, 2010, real property located at 171 Henderson Road, Fairfield, Connecticut (hereinafter "the subject property") was purchased by Rishi Malik and title was conveyed to Rishi Malik. (Exhibit A).

12. On or about June 27, 2012, title to the subject property was transferred by Rishi Malik to Rishi Malik and Samriti Malik, jointly, with right of survivorship. (Exhibit A).

13. On April 10, 2017, the Government executed a criminal search warrant on KDV as part of its criminal investigation and prosecution of Defendant Rishi Malik in *United States v. Rishi Malik,* Docket No. 3:18CR2-2 (JCH). As noted in Paragraph 9 above, KDV was the business entity through which Defendant Rishi Malik engaged in the underlying criminal conspiracy.

14. On or about November 15, 2017, Defendant Rishi Malik and Samriti Malik transferred title to the subject property solely to Defendant Samriti Malik for $0 consideration. (Exhibit A).

15. On October 30, 2018, Defendant Rishi Malik entered a guilty plea and sentence was imposed on February 13, 2019. The criminal judgment that entered against Rishi Malik included the imposition of restitution in the amount of $5,821,057.00, due immediately. *See United States v. Rishi Malik,* Docket No. 3:18CR2-2 (JCH), ECF No. 76, 108, 109.

16. At the time Defendant Rishi Malik transferred his joint title and interest in the subject property to Defendant Samriti Malik, he did so with actual intent to hinder, delay or defraud creditors, including the victim in the underlying criminal prosecution.

17. When Defendant Samriti Malik obtained sole title and interest to the subject property on November 15, 2017, Defendant Rishi Malik did not receive reasonably equivalent value in exchange for the transfer of his title and interest in the subject property.

18. Defendant Rishi Malik's transfer of his title to the subject property occurred at a time when he believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

COUNT ONE
[Fraudulent Transfer in violation of 28 U.S.C. § 3304(b)(1)(A)]

19. Pursuant to 28 U.S.C. § 3304(b)(1)(A), Defendant Rishi Malik's transfer of his ownership interest in the subject property to the Defendant Samriti Malik on or about November 15, 2017 was fraudulent as to a debt of the United States because the transfer was made with actual intent to hinder, delay, or defraud a creditor, namely, the United States of America, for several reasons, as evidenced by the fact that:

(1). the transfer was made to an "insider" as defined by 28 U.S.C. § 3301(5) (*see* 28 U.S.C. § 3304(b)(2)(A));

(2). Defendants Rishi Malik and Samriti Malik are believed to have retained possession and control of the subject property after the transfer (*see* 28 U.S.C. § 3304(b)(2)(B));

(3). the transfer was concealed so as to shield the property from creditors of Rishi Malik (*see* 28 U.S.C. § 3304(b)(2)(C));

(4). before the transfer, Defendant Rishi Malik had been sued or threatened with suit (*see* 28 U.S.C. § 3304(b)(2)(D));

(5). the transfer of the subject property was substantially all of Defendant Rishi Malik's assets (*see* 28 U.S.C. § 3304(b)(2)(E));

(6). Defendant Rishi Malik removed or concealed assets (*see* 28 U.S.C. § 3304(b)(2)(G));

(7). the value of the consideration received by Defendant Rishi Malik for the transfer of the subject property was not reasonably equivalent to the value of that property (*see* 28 U.S.C. § 3304(b)(2)(H));

(8). Defendant Rishi Malik is believed to have become insolvent shortly after the transfer (*see* 28 U.S.C. § 3304(b)(2)(I); and

(9). the transfer of the subject property occurred shortly before a substantial debt was incurred, including the debt to the United States set forth in paragraph 13 (*see* 28 U.S.C. § 3304(b)(2)(J)).

20. As a result of the violation of Section 3304(b)(1)(A), the transfer of the subject property was a fraudulent transfer as to the debt owed the United States by Defendant Rishi Malik.

## COUNT TWO

[Fraudulent Transfer in violation of 28 U.S.C. § 3304(b)(1)(B)]

21. Plaintiff incorporates paragraphs 1 – 20 as if fully set forth herein.

22. The transfer of the subject property enumerated in paragraph 14 violated 28 U.S.C. § 3304(b)(1)(B) in that Defendant Rishi Malik failed to receive a reasonably equivalent value in exchange for the transfer of the subject property, and either or both of the following was true:

   (1) Defendant Rishi Malik was engaged in a business or a transaction for which his remaining individual assets were unreasonably small in relation to the business or transaction (*see* 28 U.S.C. § 3304(b)(1)(B)(i)); or

   (2) Defendants Rishi Malik and Samriti Malik intended to incur or believed or reasonably should have believed that Defendant Rishi Malik would incur debts beyond his ability to pay as they became due, including the debt to the United States set forth in paragraph 13 (*see* 28 U.S.C. § 3304(b)(1)(B)(ii)).

23. As a result of the violation of Section 3304(b)(1)(B), the transfer of the subject property was a fraudulent transfer as to the debt owed the United States by Defendant Rishi Malik.

WHEREFORE, the Plaintiff, United States of America, demands:

1. That the November 15, 2017 transfer of Defendant Rishi Malik's interest in the subject property to Samriti Malik be adjudged fraudulent and void to the extent necessary to satisfy any criminal judgment entered in *United States v. Rishi Malik*, Docket Number 3:18CR2-2 (JCH).

2. That the United States be awarded a judgment against Defendant Samriti Malik for the value of Defendant Rishi Malik's interest in the subject property, plus costs and fees; with interest on the amount of the judgment at the legal rate pursuant to 28 U.S.C. § 1961.

3. Such other relief that this Court deems appropriate.

Dated this 21st day of June, 2019 at New Haven, Connecticut.

                          Respectfully submitted,

                          John H. Durham
                          United States Attorney

                                /s/

                          Christine Sciarrino
                          Assistant United States Attorney
                          157 Church Street -25th Floor
                          New Haven, Connecticut   06510
                          Tel. (203) 821-3780/Fax (203) 773-5315
                          Email: Christine.Sciarrino@usdoj.gov
                          Federal No. CT3393

# 171 HENDERSON ROAD

| | | | |
|---|---|---|---|
| **Location** | 171 HENDERSON ROAD | **Mblu** | 229/ 96/ / / |
| **Acct#** | 16596 | **Owner** | MALIK SAMRITI |
| **Assessment** | $368,340 | **Appraisal** | $526,200 |
| **PID** | 17880 | **Building Count** | 1 |

## Current Value

| Appraisal | | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2017 | $283,100 | $243,100 | $526,200 |

| Assessment | | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2017 | $198,170 | $170,170 | $368,340 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | MALIK SAMRITI | **Sale Price** | $0 |
| **Co-Owner** | | **Certificate** | |
| **Address** | 171 HENDERSON ROAD | **Book & Page** | 5613/ 28 |
| | FAIRFIELD, CT 06824-4940 | **Sale Date** | 11/15/2017 |
| | | **Instrument** | 02 |

## Ownership History

| Ownership History | | | | | |
|---|---|---|---|---|---|
| Owner | Sale Price | Certificate | Book & Page | Instrument | Sale Date |
| MALIK SAMRITI | $0 | | 5613/ 28 | 02 | 11/15/2017 |
| MALIK RISHI & SAMRITI (SV) | $0 | | 4812/ 152 | 02 | 06/27/2012 |
| MALIK RISHI | $290,000 | | 4414/ 328 | 07 | 02/19/2010 |
| SIMMONS ARTHUR M | $0 | | 3687/ 245 | 02 | 01/05/2006 |
| SIMMONS ARTHUR M & DOROTHY | $0 | | 349/ 318 | | |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1928 |
| **Living Area:** | 2,340 |
| **Replacement Cost:** | $370,892 |
| **Building Percent Good:** | 73 |
| **Replacement Cost Less Depreciation:** | $270,800 |

**Building Photo**